## Bridges v. Hamilton, et al.

(Decided November 22, 1921.)

### Appeal from Marion Circuit Court.

1. Animals—Shooting Licensed Dog.—The owner of a licensed dog cannot recover damages of another who shoots such dog on his premises at a time when the owner or one having him in charge does not accompany the dog.

2. Animals—Duty of Owner to Keep Licensed Dog Inclosed at Night. —It is the duty of the owner of a licensed dog to keep him inclosed, chained or blocked during the night time, and if he does not do so and the dog wanders away from home without his master he may be killed by any one; if such dog be allowed to roam on the premises of another unaccompanied by its master or keeper such dog may be killed by the owner or tenant of the premises where he is found trespassing at any time during the day or night.

3.   Animals—Shooting Dog on Premises.—One who finds a dog roaming on his premises unaccompanied by his master or keeper may shoot such dog either day or night, whether such dog be licensed or unlicensed.

H. W. RIVES for appellant.

H. P. COOPER for appellees.

OPINION OF THE COURT BY JUDGE SAMPSON—Affirming

Appellant Bridges, the owner of a fine bird dog, brought this action in the Marion circuit court against F. S. Hamilton and his wife to recover both compensatory and exemplary damages for an injury caused to his dog by a gunshot wound which plaintiff avers was unlawfully inflicted by the defendants. The answer of the defendants denied inflicting the wound on the dog or any knowledge thereof. At the conclusion of the evidence for the plaintiff the court, on motion of defendants, directed the jury to find and return a verdict for them without assigning his reason for so ruling. Judgment being entered upon the verdict the plaintiff Bridges appeals to this court.

A general demurrer which was filed by the defendants to the petition was overruled by the court. We think this was error, for it is admitted in the petition that the plaintiff's dog was trespassing on the premises of the defendants unaccompanied by his owner or keeper. It is expressly provided by section 68, vol. 1, Kentucky Statutes: "It shall be lawful for any person to kill, or cause to be killed, any dog which he may find roaming at large on his premises, without the presence of the owner or keeper of such dog," and by section 68b-21, 3rd vol., Ky. Statutes: "Any dog that enters any field unaccompanied by its owner shall constitute a private nuisance and the owner or tenant of such field, or their agent or servant, may kill such dog while it is in the field, without liability or responsibility of any nature for such killing." It, therefore, appears that a roving dog unaccompanied by its owner or keeper may be killed by any one on whose premises it is found, whether the premises be inclosed or not. The petition averred that the dog was on the uninclosed premises of the defendants, it appearing to be the theory of the pleader that the owner of the premises could not kill or injure the dog if the dog was not within an inclosure on his premises. Another part of section 68b-21 provides: "Li-

censed dogs *when accompanied by their owner* or *handler* shall not be included under the provisions of this section unless caught in the act of worrying, wounding or killing any livestock or attacking human beings." It is manifest from this section that a licensed dog is not protected unless accompanied by his owner or handler. As the owner or keeper of every dog, by section 68b-24, is required to keep said dog at all times between sunset and sunrise (1) confined within an inclosure from which it cannot escape, (2) firmly chained or blocked, or (3) under the control of some person, and if not so confined or controlled, may be killed by any person at any place except on the premises of the dog's master at any time during the night, it would appear that a dog unaccompanied by its owner or keeper may be killed, either day or night, by any one if found on his premises, and if at night, it may be killed at any place off the dog's premises if unaccompanied by its owner or keeper. Although a dog is declared to be property and entitled to the same protection as livestock by section 68b-6, that provision is subject to the exceptions made by sections 68a and 68b-21, quoted above.

Manifestly the defendants had a right to shoot the plaintiff's dog if found on their premises unaccompanied by the plaintiff or some one having charge of the dog, and as both the petition and the evidence shows that the dog was on the premises of the defendants and was unaccompanied by its owner or keeper, it is immaterial upon which ground—demurrer to the petition or evidence—the plaintiff sustained a nonsuit, for the trial court was justified on either or both grounds.

Judgment affirmed.